IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE DOUGLAS MANNING, | : | 1:13-cv-831 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| PAMELA ROSS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM AND ORDER**

**September 3, 2013**

This matter comes before the Court on the Report and Recommendation (R&R) of Magistrate Judge Thomas M. Blewitt (Doc. 9), filed on July 17, 2013. The R&R recommends that we dismiss with prejudice Plaintiff Eugene Douglas Manning's claim for monetary damages against Defendants in their official capacities; dismiss with prejudice Defendants Ross, Mukherjee, Epstein and Summit Health Chambersburg Hospital; dismiss with prejudice Plaintiff's Fourth Amendment unreasonable search and seizure claim; dismiss with prejudice Plaintiff's First Amendment malicious prosecution claim; dismiss without prejudice Plaintiff's Fourteenth Amendment due process claim; and dismiss without prejudice Plaintiff's Fourth Amendment false arrest claim. (Doc. 9 at 23). Plaintiff has filed various documents, all of which we construe to be objections to

the R&R, although not entitled as such. (Docs. 10, 11, 12, 13, and 14).

Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R essentially in its entirety.

## I. STANDARD OF REVIEW

When, as here, objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. FACTUAL BACKGROUND

*Pro se* plaintiff Eugene Douglas Manning, an inmate at the Franklin County Jail in Chambersburg, Pennsylvania, filed the instant complaint on April 2, 2013.[1]

---

[1] Plaintiff filed a letter with the Court on August 26, 2013 advising that he would be transferred to a different institution imminently. (Doc. 15). He further advised that he would provide the Court with an updated address upon receipt of the same. We have yet to receive any further communication from the Plaintiff on this matter.

(Doc. 1). Plaintiff Manning brings this action pursuant to 42 U.S.C. §1983, alleging civil rights violations against various individuals and entities.. (*Id.* ¶ 1).

Within his complaint, Plaintiff names the following Defendants: (1) Pamela D. Ross, Physician's Assistant at Summit Health; (2) Summit Dermatology Chambersburg Hospital; (3) Orion Hippensteel, Chambersburg Police Officer; (4) Douglas Strickland, Chambersburg Police Officer; (5) Robert Peterson, Chambersburg Police Officer; (6) David Arnold, Chambersburg Police Chief; (7) David Rush, Pennsylvania State Police Officer; (8) Robert Johnson, Chambersburg State Police Commanding Officer; (9) Norman Epstein, CEO of Summit Health; and (10) Dr. Satyajit Mukherjee, Psychiatrist of Summit Health. (*Id.* ¶¶ 4-14).

This action stems from Plaintiff Manning's arrest on September 1, 2011 by Defendant Officers Orion Hippensteel and Douglas Strickland, following a complaint by Defendant Ross. (*Id.* ¶ 4). Plaintiff alleges that on or around June 9, 2011, he saw Defendant Ross to seek medical treatment for a cyst at Summit Health. (*Id.* ¶¶ 34-35). Plaintiff claims that Defendant Ross made sexual overtures during his first and subsequent visits, culminating in sexual relations on August 4, 2011. (*Id.* ¶¶ 36-38). Plaintiff admits that he became emotionally attached to Defendant Ross and that he wrote her "some Letters from his Heart," although he asserts that she never objected to the letters. (*Id.* ¶¶ 38-39).

Plaintiff claims that on August 23, 2011, the police arrived at his house with letters he had written to Defendant Ross; he claims the officers stated that Defendant Ross had not called them and made no statements concerning their interactions, other than stating that she believed Plaintiff had "become infatuated with her." (*Id.* ¶ 40).[2] On September 7, 2011, Plaintiff was arrested and charged with stalking Defendant Ross. (*Id.* ¶ 41). Plaintiff states that he went to Chambersburg Hospital where he was assessed by staff as delusional and was committed against his will. (*Id.* ¶¶ 43-44). Plaintiff claims that he was ordered by a "County Judge" to undergo counseling following his release from the hospital, but he refused to attend counseling sessions and was subsequently thrown out of the counseling program. (*Id.* ¶ 44). Plaintiff was subsequently arrested and convicted on 28 counts of harassment and 2 counts of stalking. (*Id.* ¶ 1).

Within his pleading, Plaintiff alleges that he was falsely arrested by Defendants Hippensteel and Strickland, subject to unlawful search and seizure by Officer David Rush, and maliciously, selectively and vindictively prosecuted by Officers Hippensteel, Strickland, Rush, David Arnold, and Robert F. Johnson. (*Id.*, ¶ 1, 4). Plaintiff claims his arrest was in violation of his First Amendment, Fourth

---

[2]Defendant Hippensteel's Affidavit of Probable Cause states that he had spoken with Defendant Ross, who wanted the letters to stop and said she was becoming afraid that Plaintiff Manning might harm her. (Doc. 1 at 40).

and Fourteenth Amendment rights. Plaintiff additionally alleges state claims of invasion of privacy, false light, intentional infliction of emotional distress, assault, negligent medical malpractice and defamation against Defendant Pamela D. Ross and Summit Health. (*Id.* ¶ 4). Finally, Plaintiff claims "Emotional Rape," torture, defamation, invasion of privacy, assault and intentional infliction of emotional distress against Defendants Ross, Summit Health, Dr. Satyajit Mukherjee, M.D. and Norman Epstein.[3][4] As relief, Plaintiff requests compensatory damages totaling $895 million and punitive damages from all Defendants. (*Id.* ¶¶ 25-32).

## III. DISCUSSION

The Prison Litigation Reform Act of 1995 obligates the Court to engage in a screening process when a prisoner files a civil complaint, seeking redress from a governmental entity, officer, or employee of a government entity. 28 U.S.C. §1915(A)(a); *See Vega v. Kyler*, 90 Fed. Appx. 437 (3d Cir. 2004). Under §1915A, a complaint should be dismissed if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(b)(1). The statutory text of §1915A echoes Federal Rules of Civil Procedure Rule 12(b)(6),

---

[3] As far as the Court is aware, "emotional rape" is not a cause of action recognized anywhere in the laws of this country.

[4] Magistrate Judge Blewitt provides a thorough discussion of all claims made by Plaintiff at pages 7 and 8 of his report. Thus, we have only highlighted the claims here.

which states that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To bring a legally sufficient complaint, a plaintiff must show, based on factual allegations accepted to be true, that he is plausibly entitled to relief, through a "short and plain" statement of a cause of action. See *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); Fed. R. Civ. P. 8(a). Factual allegations must be sufficient to raise the right to relief above a speculative level. *Twombly*, at 555.

In a 42 U.S.C. § 1983 civil rights action, a plaintiff must prove the following: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993).[5] With these standards in mind, we now turn to a review of the Magistrate Judge's analysis.

As recommended by Magistrate Judge Blewitt, Plaintiff Manning's monetary claims against Defendants working in their official capacities shall be

---

[5] Magistrate Judge Blewitt provides a thorough discussion of the Standard of Review applied to 28 U.S.C. §1915A, Rule 12(b)(6) and 42 U.S.C. § 1983 at pages 1 to 5 of his report. Thus we have only highlighted the Rule's threshold requirements herein.

dismissed with prejudice inasmuch as state actor Defendants can only be sued in their individual or personal capacities. See *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's claims against Defendants Ross, Epstein, Mukherjee and Summit Health Chambersburg Hospital shall also be dismissed with prejudice, as they are private actors and a private medical company, and did not act under color of state law. See *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

Plaintiff's claims against Defendants Hippensteel, Strickland, Peterson, Arnold, Rush and Johnson for violation of his First, Fourth and Fourteenth Amendment rights shall also be dismissed as recommended by the Magistrate Judge. While Plaintiff brings various allegations against the Defendant Officers, he provides no factual information to support his claims. (Doc. 1 ¶¶ 64-65). In order to successfully assert a Fourth Amendment false arrest claim, Plaintiff must show that the arresting officer did not have probable cause to make the arrest. *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 592 (M.D. Pa. 2008); See also *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994). However, Plaintiff has failed to provided facts to supporting a claim that he was arrested without probable cause. Further, Plaintiff has failed to allege any facts suggesting his Fourteenth Amendment due process rights were violated by these Defendants in any way. In

7

view of the utter lack of factual description, we are constrained to dismiss these claims without prejudice, giving the Plaintiff an opportunity to amend his pleading with respect to these claims, inasmuch as we cannot ascertain whether or not leave to amend would be futile. See *Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002).

Plaintiff's Fourth Amendment unreasonable search and seizure claim against Defendants Hippensteel, Strickland, Peterson and Rush also fails. Exhibits found on pages 40 through 45 of Plaintiff's complaint contain (1) the Affidavit of Probable Cause prepared by Defendants Hippensteel, Strickland and Rush, (2) the Search Warrant Application prepared by Defendant Rush, and (3) the Receipt/Inventory of Items Seized. (Doc. 1, at 40-45). We agree with the Magistrate Judge that these documents establish that a search of Plaintiff's residence was objectively reasonable. See *United States v. Sczubelek*, 402 F.3d 175, 182 (3d Cir. 2005); See Also *United States. v. Price*, 558 F.3d 270, 277 (3d. Cir. 2009); *Untied States v. Vosburgh*, 602 F.3d 512, 526 (3d Cir. 2010). In addition, all items seized were within the limits of the Search Warrant Application, as signed by the issuing Magistrate Judge. (Doc. 1, at 43, 45). For the reasons stated above, Plaintiff's unreasonable search and seizure claim against Defendants Hippensteel, Strickland, Peterson, Rush and Johnson will be dismissed with

prejudice.

Finally, as explained by the Magistrate Judge, Plaintiff's malicious prosecution claim, asserted as a violation of the First Amendment, is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that a plaintiff claiming a violation of §1983, which would render the conviction or sentence invalid, must prove the conviction or sentence was overturned. *Heck*, at 486-87. Plaintiff has not pled that his conviction and sentence have been invalidated or overturned, thus his claims are barred by *Heck's* "favorable termination rule." *Id.* However, in the interest of caution we shall dismiss Plaintiff's malicious prosecution claim without prejudice, to him re-filing or amending this claim in the event his conviction or sentence are invalidated or overturned in the future.

Accordingly, based on the foregoing, we shall adopt the Magistrate Judge's R&R in its entirety, the sole exception being that we are dismissing the malicious prosecution claim without prejudice rather than with prejudice as Magistrate Judge Blewitt recommended. We have thoroughly reviewed the Plaintiff's submissions and do not find any arguments within them to persuade us to alter our decision to adopt the Magistrate Judge's recommendations.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 9) is **ADOPTED** in its entirety.

2. Plaintiff's claim for monetary damages against Defendants in their official capacities is **DISMISSED WITH PREJUDICE**.

3. Defendants Ross, Mukherjee, Epstein and Summit Health Chambersburg Hospital are **DISMISSED WITH PREJUDICE** from this action.

4. Plaintiff's Fourth Amendment false arrest claim is **DISMISSED WITHOUT PREJUDICE**.

5. Plaintiff's Fourteenth Amendment due process claim is **DISMISSED WITHOUT PREJUDICE**.

6. Plaintiff's Fourth Amendment unreasonable search and seizure claim is **DISMISSED WITH PREJUDICE**.

7 Plaintiff's First Amendment malicious prosecution claim is **DISMISSED WITHOUT PREJUDICE**.

8. This action shall be remanded to Magistrate Judge Blewitt for further pre-trial management.[6]

---

[6] We note that a copy of this Memorandum and Order will be sent by the Clerk to the Plaintiff's last known address, which is the Franklin County Jail. As noted above, the Plaintiff advised the Court in late August that he was to be transferred to a different institution

                                                             <u>s/ John E. Jones III</u>  
                                                             John E. Jones III  
                                                             United States District Judge

---

imminently. Thus, to the extent the Court receives notice of the Plaintiff's change of address, upon receipt of the same, another copy of this Memorandum and Order should be sent to that new address.